UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,           )
an individual,               )
                             )        CASE NO.:
          Plaintiff,         )
vs.                          )
                             )
MYERS SAND REALTY LLC,       )
an Indiana Limited Liability Company,  )
                             )
          Defendant.         )
_____    )

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues MYERS SAND REALTY LLC, an Indiana Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1.       This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.       Plaintiff is a resident of the State of Florida in Lee County.

4.       Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down.  Additionally, Plaintiff is a double leg amputee.  Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.      Defendant MYERS SAND REALTY LLC, an Indiana Limited Liability Company (hereinafter "Defendant"), is registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property", generally located at 525-535 Pine Island Road, North Fort Myers, Florida 33903 (referred to herein as the "Property").[1]  Defendant is responsible for complying with the ADA.

7.      All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9.      The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10.      Plaintiff resides approximately two (2) miles from the Defendant's Property, has visited the Property numerous times over the past two years and has attempted to utilize the goods and services offered at the Property.

11.      However, while at the Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.      Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein. However, but for the architectural barriers, Plaintiff would visit the Property more often.

---

[1] This lawsuit is not intended to cover the portions of the plaza which contain the Wal-Mart store.

13.     Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered and which hindered Plaintiff's access to the Property:

      A.     Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to slopes in excess of 1:48, faded striping and, in several instances, a lack of accessible signage to identify the spaces as exclusively for disabled use.  This made it inconvenient and difficult for Mr. Judy to locate and utilize the disabled use spaces.

      B.     Plaintiff additionally observed that there were no nearby disabled use parking spaces near Dollar Tree, Rent-A-Center, Boost Mobile and Aaron's store at the Property.

      C.     Plaintiff encountered inaccessible curb ramps throughout the entire Property due to excessive running slopes and lack of level landings at the top of the ramps. This forced Mr. Judy to use extreme caution and subjected him to increased risk of a fall while maneuvering over these ramps.

      D.     Plaintiff encountered inaccessible sidewalks throughout the entire Property due to cross slopes in excess of 1:48. This issue is also present at the exterior of most tenant door entrances causing a lack of a level landing at each entrance.  This forced Mr. Judy to use extreme caution and

subjected him to increased risk of a fall while maneuvering over the sidewalks and door entrances.

15.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B.    That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C.    That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.      That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: October 10, 2019.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Boulevard, Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By___/s/ Louis Mussman_____
      Louis I. Mussman
      (FL Bar #: 597155)
      Brian T. Ku
      (FL Bar # 610461)
      Attorneys for Plaintiff